IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINA MARIE FALCO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHERRY HILL MITSUBISHI, INC.<br><br>Defendant. | Civil Action No.<br><br>COMPLAINT – CLASS ACTION |

Plaintiff Gina Marie Falco ("Plaintiff"), on behalf of herself and all other similarly situated individuals alleges the following claims against Defendant Cherry Hill Mitsubishi, Inc. ("CHM"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This class action seeks remedies under the FCRA against CHM on behalf of consumers whose credit reports were procured by CHM without a permissible purpose or consent. CHM consciously engaged in this conduct as a matter of practice to surreptitiously obtain consumer's credit reports without their knowledge resulting in an invasion of privacy to consumers and harm to their credit reputation and scores.

## THE PARTIES

2. Plaintiff is an adult individual residing in Philadelphia, Pennsylvania.

3. Defendant CHM is a New Jersey corporation with its principal place of business in Marlton, New Jersey.

**JURISDICTION & VENUE**

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendant possess sufficient contacts with this District to be deemed to reside in this District.

**FACTUAL ALLEGATIONS**

6. In or around May 30, 2020, Plaintiff contacted CHM to inquire about purchasing a new vehicle.

7. Plaintiff specifically expressed to the CHM's representative that she did not want her credit report accessed or credit score affected.

8. Upon information and belief, CHM as a matter of practice misrepresents to consumers that their credit report will not be accessed, and credit score will not otherwise be affected, by falsely representing to the consumer that they are performing a "soft inquiry."

9. Notwithstanding the above, Plaintiff was then shocked to learn that, on or about June 9, 2020, CHM had initiated an inquiry to access her Trans Union credit report without her consent or knowledge which caused her credit score to drop.

10. CHM falsely certified that it was inquiring into Plaintiff's credit report for an extension of credit when no such permissible purpose existed, and Plaintiff had not otherwise consented to the review of her credit report.

11. CHM as such had no lawful purpose for accessing Plaintiff's consumer report.

12. CHM's actions resulted in a severe invasion of Plaintiff's privacy and caused harm to Plaintiff's credit reputation and score.

13. CHM routinely and systematically obtains credit reports of consumers with no permissible purpose or written consent, resulting in unlawful credit inquiries on these consumers' credit reports.

14. At all times pertinent hereto, CHM was acting by and through its affiliates, subsidiaries, agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of CHM.

15. At all times pertinent hereto, the conduct of CHM, as well as that of its affiliates, subsidiaries, agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of the FCRA and the rights of Plaintiff.

16. As a result of CHM's conduct, Plaintiff and members of the Putative Class have suffered concrete injuries including but not limited to: invasion of privacy, informational injuries, and harm to credit reputation and score, increased risk of identity theft, and consequential anxiety and emotional distress.

## CLASS ACTION ALLEGATIONS

17. Pursuant to FED. R. CIV. P. 23, Plaintiff brings this action on behalf of the Class initially defined below:

> All natural persons residing in the United States, whose consumer reports displays an inquiry by CHM for which CHM does not possess a written authorization or recording obtaining consent to request the consumer's credit report in the previous five years.

18. Excluded from the class are CHM and any entities in which CHM has a controlling interest, CHM's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

19. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

20. **Numerosity.** The members of the Putative Class are so numerous that the individual joinder of all of its members is impracticable. Upon information and belief, CHM has performed hundreds or thousands of impermissible inquiries of consumers' credit reports each year, and those persons' names and addresses are identifiable through documents maintained by CHM. While the exact number and identities of the members of the Putative Class are unknown to Plaintiff at this time, this information can be ascertained through appropriate discovery.

21. **Commonality.** Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to: whether CHM obtained consumer reports without a permissible purpose in violation of the FCRA and whether CHM acted willfully or negligently in disregard of the rights of consumers.

22. **Typicality.** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same or similar claims for statutory and punitive damages that she seeks for absent class members.

23. **Adequacy.** Plaintiff is an adequate representative of the Putative Class. Plaintiff's interests are aligned with and are not antagonistic to the interests of the members of the Putative Class. Plaintiff has retained competent and experienced counsel in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Class.

24. **Predominance & Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is

superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by CHM's conduct. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by the CHM's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proofs in a unified proceeding.

**COUNT I – CLASS CLAIM**
**VIOLATIONS OF THE FCRA**

25. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

26. CHM's conduct occurring on June 9, 2020 as described above violates 15 U.S.C. § 1681b(f) by obtaining a consumer report knowingly and recklessly without a permissible purpose and without authorization from Plaintiff and the Class members.

27. The foregoing violations were willful. CHM knew or should have known that it was not authorized to request Plaintiff's and the Class members' credit reports and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members.

28. Plaintiff and the Class are entitled to statutory damages pursuant to 15 U.S.C. § 168ln(a)(l)(A).

29. Plaintiff and the Class are entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

30. Plaintiff and the Class are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

31. Alternatively, CHM's violations were negligent, and Plaintiff seeks issue certification based on CHM's negligence under Fed. R. Civ. P. 23(c)(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Putative Class, prays for relief as follows:

A. An order certifying the proposed class as to Count I herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned as class counsel;

B. Judgment against CHM as to Count I for statutory and punitive damages pursuant to 15 U.S.C. § 1681n;

C. Alternatively, in accordance with Fed. R. Civ. P. 23(c)(4), an order certifying the Class as to Count I on the issue that CHM's conduct was negligent pursuant to 15 U.S.C. § 1681o;

D. Attorneys' fees, expenses and costs; and

E. Such other relief as may be just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

                              Respectfully Submitted,

                              **GORSKI LAW, PLLC**

BY:    /s/ Gregory Gorski
          GREGORY GORSKI, ESQUIRE
          1635 Market Street, Suite 1600
          Philadelphia, PA 19103
          (215) 330-2100

          Attorneys for Plaintiff

Dated:   November 13, 2020